Charles Menzies, Esq. (SBN 198223)
ctm@menziescompany.com
TRACTION LAW GROUP
414 Bailey Street
Mars Hill, NC 28754
Tel: (828) 319-0520

Attorneys for Plaintiffs,
NATHAN JOHNSON and SHARI EDWARDS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| NATHAN JOHNSON, an individual; SHARI EDWARDS, an individual,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>STONEYHILL SECURITY ASSOCIATION, a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1. Violations of the Fair Housing Act (42 U.S.C. §§ 3601, *et seq.*);**<br><br>**2. Violations of the California Fair Employment and Housing Act (Cal. Gov't Code §§ 12955, *et seq.*);**<br><br>**3. Violations of the California Disabled Persons Act (Cal. Civil Code §§ 54, *et seq.*)**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

## INTRODUCTION

1. Plaintiffs Nathan Johnson and Shari Edwards seek relief for housing discrimination based on Defendant Stoneyhill Security Association's ("Defendant" or the "HOA") refusal to provide a reasonable accommodation to Ms. Edwards. Ms. Edwards and her husband, Mr. Johnson, requested an accommodation from Defendant, their homeowners' association, to allow Ms. Edwards to park her car in the street temporarily, to allow her to reduce the risk of injury while entering and exiting her vehicle while she recovered from severe spinal surgery. Ms. Edwards provided ample documentation from her doctor order her to avoid confined spaces (such has her driveway and garage) if and when walking was necessary. Despite this, Defendant denied Plaintiffs' request. Plaintiffs bring this action to enforce their rights to be free from discrimination based on disability.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 42 U.S.C. § 36113 and 28 U.S.C. § 1331 and 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because they are related to the federal claims and arise out of a common nucleus of operative facts. Plaintiffs' state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has personal jurisdiction over Defendant because Defendant owns and operates property in the forum state as a business, which establishes sufficient minimum contacts with the forum state. *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945). Additionally, this Court has long-arm authority over Defendant pursuant to Cal. Civ. Proc. Code § 410.10.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because all of the acts or omissions giving rise to these claims occurred within the County of Los Angeles, State of California.

5. This Court has authority to award compensatory and punitive damages pursuant to 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), and 28 U.S.C. §§ 2201, 2202.

## PARTIES

6. Plaintiff Shari Edwards is an individual who at all relevant times had a disability that qualifies her as disabled under the federal Fair Housing Act, California's Fair Employment and Housing Act, and California's Disabled Persons Act. Ms. Edwards and Plaintiff Nathan Johnson own and live in their home in Los Angeles, California.

7. Upon information and belief, Defendant Stoneyhill Security Association is a California corporation with its principal place of business in Los Angeles, California.

## FACTUAL ALLEGATIONS

8. On or about May 2, 2018, Plaintiff Edwards underwent invasive spinal surgery. The surgery included removal of two discs, the placement of two wedges between joints, six titanium screws, and the removal of part of Ms. Edwards's pelvis.

9. On or about May 16, 2018, Ms. Edwards was discharged from the hospital. During her recovery, Ms. Edwards was required to wear a restrictive neck brace that limited her ability to walk and her peripheral vision. Because of her impaired mobility and vision, and given the delicate condition of her spine and the removal of part of her pelvis, Ms. Edwards's physician ordered her to avoid confined spaces when and if walking became necessary.

10. During her recovery, Ms. Edwards could not safely access her vehicle because the space in her driveway was confined due to multiple parked vehicles. Accordingly, Ms. Edwards's physician drafted a formal notice to Defendant requesting that the HOA accommodate Ms. Edwards's disability by permitting her to park her vehicle on the street, away from the other vehicles, so that she could safely access her vehicle. This would allow Ms. Edwards to walk in a straight line from her vehicle through the driveway and into her garage (which, due to HOA-approved renovations, was unusable for parking at the time). The requested accommodation was for a limited, temporary 90-day period.

11. Plaintiffs' counsel submitted their request directly to the HOA president pursuant to the HOA's promise to handle all matters directly and informally. However, despite the request for a temporary 90-day accommodation, the HOA president failed to timely respond. After several days, Plaintiffs' counsel sent the following email to the HOA president:

> I am a little concerned here. Should I reach out to counsel? As per the agreement and your representations, I was to provide you with requests from my client re parking, etc. and you represented that you would resolve them as the president of the HOA in charge of parking and security. Now, despite providing you with our request for overnight parking permit to accommodate my client's disability, I have not heard back from you after multiple emails. My clients' issue has been that they're concerned they are not being treated equally as other residents — and other residents have overnight parking rights. My clients are simply asking for an accommodation because of a medical need — we can't risk her spine being injured because she has to navigate her driveway. Again, a medical necessity accompanied by a doctor's order. She is not driving but she is being dropped off by her driver if she has to go anywhere (to appointments etc) and because of the way the cars need to be parked to avoid the tickets in the driveway, she would be subject to great risk.
>
> They are also concerned that the HOA just promised to work with them in good faith but that you wouldn't really do so. I hope this is not the case. But at this point, because you haven't responded to my prior email, if we park in the street we're going to be at risk of triggering the stipulated judgment. I hope this is not confirming their fears. I vouched for you and your ability to be reasonable and act in good faith.

12. On May 18, 2018, Defendant's president promised Plaintiffs' counsel that he would finally look into the disability accommodation request. Ultimately, Defendant denied Plaintiffs' accommodation request, on the grounds that Plaintiffs needed to remodel their garage and park the vehicles in the garage before a temporary street parking pass would be issued.

13. In other words, Defendant denied Plaintiffs' disability accommodation request and instead demanded that Ms. Edwards perform more physically demanding tasks than those for which she was seeking accommodation in the first place.

14. Defendant's denial of Plaintiffs' accommodation request was in bad faith. Defendant routinely issues temporary parking permits. Plaintiffs' next-door neighbor is permitted to use street parking, dozens of other HOA-member residences are, and Plaintiffs were too before these events took place. Defendant's decision to deny Plaintiffs' request in this instance was motivated by personal animosity, with malice and reckless indifference to Ms. Edwards's health, in an attempt to retaliate based on prior disagreements between Plaintiffs and Defendant.

15. As a result of Defendant's actions, Plaintiffs have suffered injury including but not limited to emotional distress and deprivation of the ability to quietly enjoy their property.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FAIR HOUSING ACT

16. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 15 above as set forth fully herein.

17. Defendant, by a pattern or practice of illegal discrimination, has violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, by discriminating against Plaintiffs in the following ways:

   a. Refusing to provide a reasonable accommodation in violation of 42 U.S.C. § 3604(f)(3)(B); and

   b. Interfering with persons in the exercise or enjoyment of rights guaranteed by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

18. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 17 above as set forth fully herein.

19. Defendant violated the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12926, *et seq.*, by discriminating against Ms. Edwards in the following ways:

   a. Refusing to provide a reasonable accommodation in violation of Cal. Gov't Code §§ 12955 and 12927;

   b. Discriminating because of disability in violation of Cal. Gov't Code §§ 12955(a) and (d); and

   c. Interfering with persons in the exercise or enjoyment of rights guaranteed by the Fair Employment and Housing Act, in violation of Cal. Gov't Code § 12955.8.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

20. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 19 above as set forth fully herein.

21. In committing the acts herein alleged, Defendant has engaged in a practice of unlawful discrimination in the management and operation of the subject property based on disability against Ms. Edwards, and therefore has discriminated against Ms. Edwards in violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq*.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendant as follows:

1. For statutory and compensatory damages, the exact amount of which has yet to be ascertained;

    2.    For an award of exemplary and punitive damages in amounts to be proven at trial;

    3.    For attorneys' fees and costs expended in the litigation of this action to the full extent permitted by law; and

    4.    For such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

DATED: November 7, 2019       TRACTION LAW GROUP

                              By    */s/ Charles Menzies*
                                      Charles Menzies
                                      Attorneys for Plaintiffs,
                                      NATHAN JOHNSON and SHARI EDWARDS