Charles Menzies, Esq. (Cal. Bar No. 198223)
ctm@menziescompany.com
TRACTION LAW GROUP
414 Bailey Street
Mars Hill NC 28754
Tel: (828) 319-0520
Attorneys for Plaintiff

Leonard Siegel, Esq. (Cal. Bar No. 064603)
lsiegel@kgswlaw.com
Mitchell S. Brachman, Esq. (Cal. Bar No. 130023)
mbrachman@kgswlaw.com
KULIK GOTTESMAN SIEGEL & WARE LLP
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
Tel: (310) 557-9200 / Fax: (310) 557-0224
Attorney for Defendant

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARI EDWARDS,<br><br>             Plaintiff,<br><br>     v.<br><br>STONEYHILL SECURITY ASSOCIATION, a California corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.: 2:19-cv-09569-RSWL-AS<br><br>**Joint Rule 26(F) Report**<br><br>Date:     April 21, 2020<br>Time:    10:00 a.m.<br>Ctrm:    4311 |

**TO THE COURT:**

The parties participated in the Early Meeting on April 16, 2020, and make the following report:

**I.  Synopsis:**

A. <u>Plaintiff's Claims:</u>

Plaintiff Shari Edwards ("Plaintiff") brings this lawsuit against her homeowner's association, for refusal to provide a reasonable accommodation to

Plaintiff to park her car in the street as a means to decrease the risk of injury while entering and exiting her vehicle while she recovered from spinal surgery. Plaintiff provided a doctor's note defining such accommodation to avoid confined spaces such as her garage and driveway. Plaintiff asserts that the refusal to grant the accommodation was the result of personal animosity and in an attempt to retaliate based upon prior disagreements between Plaintiff and Association. These activities violated the Fair Housing Act and the California Fair Employment and Housing Act. Plaintiff is entitled to statutory and compensatory damages, punitive damages, attorney fees, and costs.

    B. <u>Defendant's Claims:</u>

Defendant alleges they did not violate the Fair Housing Act and the California Fair Employment and Housing Act., or the Davis-Stirling Common Interest Development Act Civil Code §§4000 – 6150. Association followed all federal and state statutory requirements when evaluating Plaintiff's need for an accommodation and provided such accommodation as soon as the doctor's note was provided. Prior to the accommodation request, the parties had been involved in a years-long litigation over the very parking issue for which accommodation was requested. Settlement documents had been signed only weeks earlier without mention of the need for accommodation. Nevertheless, the accommodation request was provided to Plaintiff.

    **Key Legal Issues:**

    A. <u>Plaintiff's Legal Issues:</u>

        (1) Whether Plaintiff qualified for an accommodation under the Fair Housing Act and the California Fair Employment and Housing Act.

        (2) Whether the accommodation was granted in a timely manner and/or if at all.

   (3) Whether Plaintiff sustained damage as a result of any of Association's action or inaction.

 B. <u>Defendant's Legal Issues:</u>

   (1) Whether Plaintiff's conditions properly required an accommodation.

   (2) Whether Association's actions in response to the Plaintiff's request constitute a proper accommodation under Fair Housing Act and the California Fair Employment and Housing Act.

   (3) Whether the claims are barred by the current action in Los Angeles Superior Court containing the same or very similar allegations.

   (4) Whether Defendants have violated the Fair Housing Act and the California Fair Employment and Housing Act.

   (5) Whether Plaintiff is entitled to damages as alleged.

## II. Plaintiff's Damages:

$800,000. This includes economic loss and statutory damages.

## III. Insurance:

Defendants are insured by Great American Insurance Company. Policy limit is $1,000,000. There is a reservation of rights.

## IV. Motions:

Plaintiff will seek leave to add DOES as revealed through discovery. Plaintiff reserves the right to seek leave to amend the complaint should the need arise.

Defendants will file a motion to dismiss.

## V. Discovery and Experts:

 (1) No changes in the timing, form, or requirements need to be made in the Rule 26 Initial Disclosures.

 (2) Discovery need not be conducted in phases.

 (3) There need be no limitations on discovery other than imposed by the F.R.Civ.P. or the Local Rules.  No modifications need be made.

(4) The parties anticipate propounding requests for admissions, interrogatories, requests for production, and taking depositions of parties and non-parties.

(5) Disclosure of expert witness testimony must be made in compliance with Fed.R.Civ.Proc. 26(a)(2) [90 days before the date set for trial; or if the evidence is intended solely to contradict or rebut evidence, within 30 days after the other party's disclosure].

(6) Proposed Expert Discovery cutoff: 30-days before trial.

**VI. Dispositive Motions:**

Defendants anticipate filing a motion to dismiss and a motion for summary judgment/adjudication.

**VII. Settlement and settlement mechanism:**

a. Plaintiff made an early settlement demand to Defendant Stoneyhill Security Association.

b. The parties agree to Local Rule 16-15.4(2): "The parties shall appear before a neutral selected from the Court's Mediation Panel."

**VIII. Trial estimate:**

(1) Five (5) day jury trial.

(2) Plaintiff estimates ten (10) witnesses.

(3) Defendants estimate seven (7) witnesses

**IX. Timetable:** The parties anticipate completion of non-expert discovery on or before November 30, 2020.  Expert Discovery pursuant to Rule 26(a)(2)(D),

**X. Other issues:** None anticipated at this time.

**XI. Conflicts:** As set forth in Certificate of Interested Parties.

**XII. Patent Cases:** Not applicable

**XIII. Magistrates:** The parties do not agree to have a Magistrate Judge preside.

| | | |
|---|---|---|
| 1 | Dated: April 17, 2020 | TRACTION LAW GROUP |
| 2 | | |
| 3 | | By: /s/ *Charles Menzies* * |
| 4 | |         Charles Menzies, Esq. |
| | |         Attorney for Plaintiff |
| 5 | | |
| 6 | Dated: April 17, 2020 | KULIK GOTTESMAN SIEGEL & WARE LLP |
| 7 | | |
| 8 | | By: /s/ *Mitchell S. Brachman* |
| 9 | |         Mitchell S. Brachman, Esq. |
| | |         Attorney for Defendant |

\*       Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.

# PROOF OF SERVICE

I, Jill Harris, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and am not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 1400, Sherman Oaks, California 91403.

On April 17, 2020, I served the foregoing document described as **Joint Rule 26(F) Report** on all interested parties as follows:

> Charles Menzies, Esq.
> ctm@menziescompany.com
> TRACTION LAW GROUP
> 414 Bailey Street
> Mars Hill NC  28754
> Tel:  (828) 319-0520
> *Attorney for Plaintiff*

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on April 17, 2020, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Jill Harris | /s/ Jill Harris |
|---|---|
| Type or print name | Signature |

{00421633}